1  CALDWELL LESLIE & PROCTOR, PC
   ROBYN C. CROWTHER, State Bar No. 193840
2    *crowther@caldwell-leslie.com*
   JEANNE A. FUGATE, State Bar No. 236341
3    *fugate@caldwell-leslie.com*
   725 South Figueroa Street, 31st Floor
4  Los Angeles, California 90017-5524
   Telephone: (213) 629-9040
5  Facsimile: (213) 629-9022

6  Attorneys for Plaintiff
   EVOX Productions, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| EVOX PRODUCTIONS, LLC, a Delaware limited liability company, | Case No. CV16-4684 |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | **(1) COPYRIGHT INFRINGEMENT;** |
| ADICIO, INC., a California corporation; and DOES 1-10, | **(2) FEDERAL TRADEMARK INFRINGEMENT; and** |
| Defendants. | **(3) FEDERAL FALSE ADVERTISING AND UNFAIR COMPETITION (§ 1125)** |
| | **DEMAND FOR JURY TRIAL** |

CALDWELL
LESLIE &
PROCTOR

COMPLAINT

Plaintiff EVOX Productions, LLC ("EVOX"), by its attorneys, Caldwell Leslie & Proctor, PC, alleges, with personal knowledge as to its own actions, and upon information and belief as to those of others, as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over the action for the infringement of United States copyrights pursuant to 17 U.S.C. § 501 *et seq.* and 28 U.S.C. §§ 1331 and 1338(a).

2. This Court has subject matter jurisdiction over the Lanham Act claim pursuant to 15 U.S.C. §§ 1114, 1121, 1124(a) and 28 U.S.C. §§ 1331 and 1138.

3. This Court has personal jurisdiction over defendant Adicio, Inc. ("Defendant") because, *inter alia*, (a) EVOX is informed and believes that Defendant regularly conducts and has conducted business in California and in this District by, among other things, supplying products and services in California; and (b) Defendant's conduct, which constitutes copyright infringement, has occurred in this District, and has caused and continues to cause EVOX to suffer harm in this District.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because, *inter alia*, Defendant's acts or omissions giving rise to this lawsuit, as well as substantial injury to EVOX, have occurred and will continue to occur in interstate commerce, in California, and in this District.

## PARTIES

5. EVOX is a Delaware limited liability company with its principal place of business at 2363 E. Pacifica Place, Building 305, Rancho Dominguez, California 90220.

6. EVOX is informed and believes that Defendant is a California corporation with its principal place of business at 5993 Avenida Encinas, Suite 100, Carlsbad, California 92008. Defendant appears to conduct business through, among other things, a website located at www.adicio.com.

7. In addition to Defendant's having its principal place of business in California, EVOX is informed and believes that Defendant engaged in business in this District by, among other things, supplying products and services throughout California.

8. EVOX is unaware of the true names and capacities of Does 1 through 10, and therefore sues these defendants by these fictitious names. EVOX will amend this Complaint to allege the Doe defendants' true names and capacities when they become known to EVOX.

9. EVOX is informed and believes that, in performing the acts or omissions described in this Complaint, Defendant and Does 1 through 10 were acting as the principal, representative, agent, employee, or alter ego of each other and were acting within the scope of such agency or employment to commit the acts alleged herein. Each defendant sued herein aided and abetted the other with the intent that each would be successful in their mutual endeavors. Each defendant contributed to EVOX's damages and the statutory violations alleged herein.

### EVOX's Creation and Distribution of the Copyrighted Photographs and the EVOX Trademarks

10. EVOX is a 20-year-old company specializing in photo, video, and interactive vehicle imagery. EVOX creates and licenses high-quality, digital images and photographs of substantially all automotive makes and models in the United States since model year 2000. EVOX has created and maintains a comprehensive automotive image library of 8,710 different car makes and models which it licenses to a wide variety of companies, websites, and mobile application developers. EVOX is the leading creator of automotive image libraries in the United States, and its images are widely recognized as the best in its field.

11. EVOX owns the copyrights in tens of thousands of digital images and photographs under the United States Copyright laws, and has obtained Certificates

CALDWELL LESLIE & PROCTOR

-2-

COMPLAINT

of Copyright Registration from the Register of Copyrights for these works. Each copyright registration includes multiple still images for the title automobile, including "Exterior Spins" and "Interior Panaramas" viewable through commonly available third-party software and video. Evox is informed and believes, and on that basis alleges, that by the acts complained of herein Defendant has infringed some portion of the copyrighted photographs listed on Exhibit "1" to the Complaint, which consists of a list of EVOX's copyrighted photographs (the "Copyrighted Photographs").

12. EVOX has spent substantial time, money, and talent in connection with the production, development, and marketing of the Copyrighted Photographs.

13. EVOX also owns trademark registrations, including the following United States Patent and Trademark Office ("PTO") trademark registrations (the "EVOX Trademarks").

| Trademark | Registration | Goods/services |
|---|---|---|
| EVOX | 3,765,883 | Photography, audio and video recording services in the field of automotive imaging in international class 41 |
| EVOX IMAGES | 3,649,661 | Stock photography services, namely, leasing reproduction rights of photographs and transparencies to others in international class 45 |

14. The EVOX Trademarks are registered on the Principal Register of the PTO pursuant to 15 U.S.C. § 1051, and these registrations are valid, subsisting, and enforceable.

15. EVOX has developed a very successful business licensing its library of copyrighted automotive photographs. EVOX has used the EVOX Trademarks in

connection with its advertising, promotion, sale, and offering for sale of its products and services nationwide.  EVOX's products and services are known and recognized by the EVOX Trademarks.

16. EVOX has used the EVOX mark and trade name continuously since 1995 nationwide, in interstate commerce, either alone or in conjunction with other words and marks, to identify EVOX as the source of high quality goods and services in its field.

17. EVOX has used the EVOX IMAGES mark continuously since 2006 nationwide, in interstate commerce, either alone or in conjunction with other words and marks, to identify EVOX as the source of high quality goods and services in its field.

**Defendant's Unauthorized Use of the Copyrighted Photographs and the EVOX Trademarks**

18. EVOX is informed and believes that Defendant is a digital advertising agency that markets its products and services to newspapers, providing the digital equivalent of the printed Automobile Classified Advertising section of the newspapers for use by the newspapers' websites.  These newspapers in turn market ADICIO enabled products and services to car dealerships.  EVOX is informed and believes that Defendant embeds still images and 360-degree animations, called "Exterior Spins" and "Interior Panoramas," of automobiles on Automotive Pages provided to newspaper websites, including New York Newsday, Seattle Times, and the Albuquerque Journal, in addition to the websites of automotive clients.  EVOX is informed and believes that Defendant charges its customers a fee to embed links to those images, Exterior Spins, and Interior Panoramas on their websites.

19. EVOX is informed and believes that thousands of the images, Exterior Spins, and Interior Panoramas that Defendant makes available to newspapers for charge are EVOX's Copyrighted Photographs (which display the EVOX

Trademarks), for which EVOX never granted to Defendant, and for which Defendant never obtained a license from EVOX.

20. At no time has Defendant sought or purchased a license from EVOX to use the Copyrighted Photographs. At no time has EVOX ever granted a license to Defendant to use the Copyrighted Photographs. Although EVOX has license agreements with certain licensees who are permitted to sublicense EVOX's Copyrighted Photographs to approved sublicensees, Defendant is not now an approved sublicensee under any such license agreement. EVOX is informed and believes, and on that basis alleges, the Defendant had a sublicensing agreement, but that the agreement expired. Continued use of the Copyrighted Photographs after such sublicensing agreement was no longer authorized by EVOX.

21. EVOX is informed and believes that Defendant has distributed at least 100,000 (one hundred thousand) of EVOX's Copyrighted Photographs to the public without EVOX's consent, and that many if not all of these images displayed the EVOX Trademarks.

22. Following the expiration of Defendant's sublicensing agreement, EVOX never consented to or authorized Defendant's use and/or distribution of EVOX's Copyrighted Photographs and EVOX's Trademarks.

23. Defendant's unlawful and unauthorized distribution, transmission, copying, public display, and use of the Copyrighted Photographs and the EVOX Trademarks have irreparably harmed EVOX's copyrights, trademarks, and exclusive rights in the Copyrighted Photographs and the EVOX Trademarks.

## COUNT ONE

**(Copyright Infringement, 17 U.S.C. § 501 *et seq.*)**

24. Paragraphs 1 through 23 are incorporated by reference in support of this claim for relief.

25. Each of the Copyrighted Photographs is an original pictorial work and constitutes copyrightable subject matter under 17 U.S.C. §§ 101 and 102.

26. Defendant was not during the period of at least January 2012 to the present ("Relevant Time Period") licensed or otherwise authorized to distribute, transmit, copy, or display the Copyrighted Photographs.

27. During the Relevant Time Period, Defendant has infringed EVOX's copyrights in at least 100,000 (one hundred thousand) images through the distribution, transmission, copying, or public display of the Copyrighted Photographs on its own websites and on certain newspapers' websites.

28. On information and belief, Defendant can continue its infringing activities unless restrained and enjoined. EVOX's remedy at law is not by itself adequate to compensate it for the harm inflicted and threatened by Defendant.

## COUNT TWO

### (Trademark Infringement, 15 U.S.C. § 1114)

29. Paragraphs 1 through 28 are incorporated by reference in support of this claim for relief.

30. The EVOX Trademarks are valid registered service marks pursuant to 15 U.S.C. §§ 1052, 1053.

31. During the Relevant Time Period, Defendant was not licensed or authorized to use the EVOX Trademarks.

32. During the Relevant Time Period, Defendant used EVOX Trademarks without consent or authorization in connection with the sale and offering for sale of its products and services to the public.

33. During the Relevant Time Period, Defendant has infringed the EVOX Trademarks through the use of the EVOX Trademarks in conjunction with Defendant's business.

34. On information and belief, Defendant's unauthorized use of the EVOX Trademarks was likely to cause confusion, mistake or deception among the parties' customers, prospective customers, other businesses and individuals who deal with Defendant and EVOX.

35. EVOX has been damaged by Defendant's trademark infringement in a sum to be determined.

## COUNT THREE

### (False Advertising and Unfair Competition, 15 U.S.C. § 1125)

36. Paragraphs 1 through 35 are incorporated by reference in support of this claim for relief.

37. During the Relevant Time Period, Defendant was not licensed or authorized to use the EVOX Trademarks.

38. During the Relevant Time Period, Defendant used the EVOX Trademarks in conjunction with the sale, offering for sale and provision of Defendant's products and services.

39. Defendant's unauthorized use of the EVOX Trademarks in conjunction with its products and services was likely to cause confusion, mistake or deception among ordinary consumers as to the source, sponsorship, affiliation, or approval of Defendant's products, services or commercial activities.

40. Defendant's conduct constitutes false designation of origin, false description of goods, false advertising and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

41. EVOX has been damaged by Defendant's conduct in a sum to be determined.

## PRAYER FOR RELIEF

WHEREAS, EVOX prays for relief as follows:

A. For an award at EVOX's election, pursuant to 17 U.S.C. § 504, of either (1) the actual damages suffered by EVOX with respect to past infringement,

plus any additional profits of Defendant that are attributable to the infringement that are not taken into account in computing the actual damages; or (2) statutory damages as provided by Section 504(c) in an amount to be proven at trial;

  B. For an order enjoining Defendant from (a) infringing the Copyrighted Photographs; (b) infringing the EVOX Trademarks; (c) falsely designating the origin, sponsorship or affiliation of Defendant's business, goods or services; (d) using the EVOX Trademarks in connection with the promotion, marketing and sale of any goods or services; (e) making or employing any other commercial use of any of the EVOX Trademarks; and (f) aiding, assisting or abetting any other party in doing any act prohibited by the Court's order;

  C. For an order that Defendant account for all sales, revenues, costs, and profits from its wrongful conduct and unauthorized use of the Copyrighted Photographs and the EVOX Trademarks, and that Defendant pay EVOX damages in an amount to be proven at trial, but including Defendant's profits and actual damages suffered by EVOX as a result of Defendant's wrongful acts;

  D. For an award of EVOX's attorneys' fees, expenses and costs, pursuant to 17 U.S.C. § 505;

  E. For an award to EVOX of pre- and post-judgment interest; and

  F. For an award to EVOX of such other and further relief as the Court deems just and proper.

DATED:  June 27, 2016   CALDWELL LESLIE & PROCTOR, PC
          ROBYN C. CROWTHER
          JEANNE A. FUGATE


         By  /s/ Robyn C. Crowther
           ROBYN C. CROWTHER
         Attorneys for Plaintiff EVOX Productions, LLC

## DEMAND FOR JURY TRIAL

Plaintiff EVOX Productions LLC hereby demands trial by jury in this action.

DATED: June 27, 2016

CALDWELL LESLIE & PROCTOR, PC
ROBYN C. CROWTHER
JEANNE A. FUGATE


By    /s/ Robyn C. Crowther
    ROBYN C. CROWTHER
Attorneys for Plaintiff EVOX Productions, LLC