NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVOX PRODUCTIONS, LLC, a Delaware limited liability company, | ) CASE NO. CV 16-4684-R ) |
| Plaintiff, | ) ORDER GRANTING DEFENDANT ) ADICIO, INC.'S MOTION TO DISMISS ) |
| v. | ) ) |
| ADICIO, INC., a California Corporation; and DOES 1-10, | ) ) ) |
| Defendants. | ) ) |

Before the Court is Defendant Adicio, Inc.'s Motion to Dismiss (Dkt. No. 19), which was filed on September 26, 2016. Having been thoroughly briefed by both parties, this Court took the matter under submission on November 3, 2016.

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper only when a complaint exhibits either a "(1) lack of a cognizable legal theory or (2) the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). Under the heightened pleading standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," so that the defendant receives "fair notice of what the…claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 570. The Plaintiff must

1  plead factual content that allows the court to draw the reasonable inference that the defendant is
2  liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678.  The court will not accept "threadbare
3  recitals of the elements of a cause of action, supported by mere conclusory statements. . . ." *Id*.
4       Plaintiff's Complaint alleges three causes of action against Defendant: (1) Copyright
5  Infringement, (2) Trademark Infringement, and (3) False Advertising and Unfair Competition.
6  Plaintiff produces photographs, videos, and interactive imagery of motor vehicles.  Plaintiff's total
7  library of images consists of tens of thousands of copyrighted images.  Plaintiff's business
8  involves licensing these photographs to users.  Defendant creates digital advertisements using the
9  images licensed by Plaintiff.  At issue in the current matter, Plaintiff licensed its images to
10 Chrome System's Inc. and Chrome Data Solutions, LP ("Chrome").  Chrome then sublicensed the
11 images to Defendant.  In January 2012, the license agreement between Plaintiff and Chrome
12 expired.  It was Plaintiff's understanding that negotiations between it and Chrome would result in
13 a renewed agreement which would retroactively authorize any use by Chrome or sublicensors after
14 the expiration of the initial agreement.  Ultimately, the re-negotiation failed on September 24,
15 2014.  Thus, Plaintiff now alleges that from January 2012 until present, Defendant continued to
16 use its copyrighted images without a valid sublicense.
17      Defendant's Motion to Dismiss is based on the argument that portions of Plaintiff's claims
18 are time-barred.  Copyright claims are subject to a three-year statute of limitations from the time
19 the claim accrued.  17 U.S.C. § 507.  "A cause of action for copyright infringement accrues when
20 one has knowledge of a violation or is chargeable with such knowledge." *Roley v. New World*
21 *Pictures, Ltd.*, 19 F.3d 479, 481 (9th Cir. 1994).  Accordingly, "the three-year clock begins upon
22 discovery of infringement." *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 706 (9th Cir.
23 2004).  Plaintiff filed its initial Complaint on June 27, 2016.  Therefore, the statute of limitations
24 began three years prior, June 27, 2013.  The only way infringement prior to June 27, 2013 is
25 actionable is if Plaintiff could not reasonably have discovered said infringement prior to the
26 beginning of the "three-year clock".  Plaintiff contends that it did not know and could not have
27 known that Defendant was violating the copyright because the negotiations between Plaintiff and
28 Chrome were going to retroactively authorize any use of the copyrighted images after January

2012.

Plaintiff's argument that the negotiations concealed ongoing copyright violations is unconvincing.  First, if Plaintiff was in the midst of negotiations to retroactively authorize uses by parties in the position of Defendant, then it was aware that such uses were occurring after the expiration of the initial agreement.  There would be no need to *retroactively* authorize anything if no one was using the images after the January 2012 expiration.  Second, the fact that the negotiations failed has no impact on the statute of limitations or accrual of copyright claims.  There is no exception to the accrual rule in *Roley* for the beliefs or intentions of a copyright holder.  The accrual rule is only interested in whether the copyright holder knew or should have known of an alleged infringement.  While Plaintiff may well have been justified in its belief that a new agreement would materialize, it held that belief at its own risk.  Once Plaintiff knew that Defendant was infringing its copyrights, the statute of limitations began to run.

Plaintiff makes a variety of arguments based on the same premise.  They all fail to save its claims from a Motion to Dismiss.  Plaintiff argues that its claims were not ripe when it first learned of the copyright violations during the contract renegotiations.  Again, Plaintiff could have filed its copyright claims as soon as it was aware of copyright violations.  There is no qualification in the statute of limitations which prevents a claim from being filed during renegotiations.  Next, Plaintiff argues that it "h+ad no knowledge that [Plaintiff] needed to [file suit] because of the ongoing negotiations with Chrome."  Plaintiff misunderstands the statute of limitations rule.  The clock does not begin to run when a plaintiff learns that it "needs" to file suit, but rather, when a plaintiff learns of a violation of its copyright.  Finally, Plaintiff claims that Chrome fraudulently concealed its intention to never enter a new agreement thereby preventing Plaintiff from filing suit.  As mentioned above, on a motion to dismiss this Court assumes that Chrome did fraudulently conceal its intentions.  However, even assuming those allegations are true, it would not save Plaintiff from the statute of limitations.  There may be causes of actions available to Plaintiff against Chrome for those claims, but the fact remains that Plaintiff has admitted that it knew of Defendant's infringing activity more than three years before the filing of this suit.

///

1. Therefore, the copyright claims based on actions before June 27, 2013 are dismissed.
2. **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss is GRANTED.
3. (Dkt. No. 19).
4. Dated: November 29, 2016.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE